UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LOREN REYNA, a/k/a Two Bulls, | ) | CIV. 11-5060-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DON HOLLOWAY, | ) | |
| KEVIN THOM, Sheriff *et al.*, | ) | |
| Pennington County Jail, | ) | ORDER GRANTING MOTION FOR |
| of Rapid City, South Dakota; | ) | SUMMARY JUDGMENT |
| JODIE MCCLURE, | ) | |
| RN Charging Nurse; | ) | |
| SERGEANT STEELE, | ) | |
| Charging Officer; | ) | |
| CORRECTIONAL OFFICER | ) | |
| MAXFIELD; | ) | |
| LIEUTENANT HAGA; | ) | |
| JAIL COMMANDER GRIER; and | ) | |
| SHERIFFS DEPUTY SMITHS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Loren Reyna, a/k/a Two Bulls, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. On July 20, 2011, Mr. Reyna filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging defendants[1] (1) acted with deliberate indifference toward his serious medical needs, thus subjecting him to cruel and unusual punishment in violation of the Eighth Amendment; and (2) withheld requested legal

---

[1] Included as a defendant was Judge A. P. Fuller. (Docket 1). The court, however, granted Judge Fuller's motion to dismiss on July 5, 2012, on the basis of absolute judicial immunity. (Docket 70).

documents from Mr. Reyna, thus denying him access to the courts in violation of the First Amendment. (Docket 1). To remedy these alleged constitutional violations, Mr. Reyna requests an award of money damages.

On March 5, 2013, Defendants Don Holloway, Kevin Thom, Jodie McClure, Sergeant Steele, Correctional Officer Maxfield, Lieutenant Haga, Jail Commander Grier, and Sheriffs Deputy Smiths moved for summary judgment. (Docket 85). Mr. Reyna opposes the motion. (Dockets 91; 92; 93; 94). For the reasons set forth below, the court grants defendants' motion for summary judgment.

## BACKGROUND

Viewed in a light most favorable to Mr. Reyna, the nonmoving party, the facts are:

Mr. Reyna pled guilty to aggravated assault in Pennington County on August 27, 2008. (Docket 87 at ¶ 1; Mr. Reyna Dep. 6:5–16, Jan. 9, 2013; Sent. Tr. at 2, Sept. 16, 2008). Mr. Reyna subsequently received a ten-year, suspended sentence and was placed on probation. (Sentencing Tr. at 6). That same year, Mr. Reyna violated the terms of his probation and was sentenced to a prison term of ten years, with five years suspended. (Docket 87 at ¶ 4; Docket 94-3 at p. 1; Mr. Reyna Dep. 7:14–15, 7:23–8:1).

In 2010, Mr. Reyna moved the state court for a modification of sentence. (Docket 87 at ¶ 6; Mr. Reyna Dep. 13:6–15). On July 20, 2010,

Judge A. P. Fuller signed a writ of habeas corpus ad prosequendum ordering the Warden of the State Penitentiary to return Mr. Reyna to the Pennington County Jail (PCJ) by August 13, 2010. (Docket 1 at pp. 7–8; Docket 87 at ¶ 7). Mr. Reyna arrived at the PCJ on August 13, 2010, and was scheduled to appear at a modification hearing on August 17, 2010. (Docket 1 at p. 7; Docket 87 at ¶¶ 8, 10; Mr. Reyna Dep. 14:7–13).

Upon Mr. Reyna's arrival at the PCJ on August 13, 2010, jail staff inventoried Mr. Reyna's possessions. (Docket 87 at ¶ 12; Docket 92 at p. 3). During this time, Sergeant Steele began flipping through and reading the paperwork in Mr. Reyna's box which was labeled "legal paperwork." (Docket 1 at p. 3; Docket 87 at ¶ 28; Mr. Reyna Dep. 27:3–10; Docket 92 at p. 4). Sergeant Steele continued reading the legal documents for approximately three to four minutes in Mr. Reyna's presence, but without Mr. Reyna's permission. (Docket 1 at p. 3; Mr. Reyna Dep. 31:19–21; Docket 92 at p. 4). These legal documents were then placed in PCJ's property room, along with Mr. Reyna's two inhalers and various other possessions. (Docket 1 at p.3; Docket 87 at ¶¶ 12, 15–16; Docket 92 at p. 3).

On August 14, 2010, Mr. Reyna submitted a sick call request to inform the medical staff he needed his medically prescribed[2] inhaler. (Docket 1 at p.

---

[2]Mr. Reyna testified he had a prescription for Albuterol and Qvar—"inhaler medications"—on the dates in question. (Mr. Reyna Dep. 32:23–33:5).

3

12; Docket 87 at ¶ 17; Docket 92 at p. 5). Nurse Joyce Peterson reviewed Mr. Reyna's request on August 15, 2010, and reported that the "inhaler [would] be brought up." (Docket 1 at p. 12; Docket 87 at ¶ 18; Docket 92 at p. 3). Still without his inhaler, Mr. Reyna submitted an additional request for his inhaler on August 16, 2010. (Docket 1 at pp. 15–16). Although Mr. Reyna eventually received his inhaler on August 17, 2010, he experienced shortness of breath and anxiety attacks on twelve separate occasions during the three days he was without his inhaler. (Docket 1 at p. 4; Docket 87 at ¶ 20; Mr. Reyna Dep. 37:4–8; Docket 92 at p. 4). In the absence of his inhaler, Mr. Reyna had to resort to a Native American steam remedy whereby he placed a towel over his head and put his head in a sink for 45 minutes while running hot water. (Docket 1 at p. 4; Docket 87 at ¶¶ 22–24; Mr. Reyna Dep. 36:1–5; Docket 92 at p. 4). As a result of not having access to his inhaler, Mr. Reyna experienced chest pains and difficulty breathing. (Mr. Reyna Dep. 40:21–41:3).

On August 14, 2010, Mr. Reyna submitted a request for access to his legal paperwork. (Docket 1 at p. 10; Docket 87 at ¶ 30; Docket 92 at p. 5). Mr. Reyna submitted similar requests on August 15, 2010, and August 16, 2010. (Docket 1 at p. 4; Docket 87 at ¶ 31; Docket 92 at p. 5). Mr. Reyna received a portion of his legal paperwork on August 16, 2010, one day before his modification hearing. (Docket 1 at p. 4; Docket 87 at ¶ 32; Docket 92 at

4

p. 5). The paperwork, however, was no longer in chronological order and portions of the paperwork were missing. (Docket 1 at p. 4; Docket 87 at ¶ 33; Mr. Reyna Dep. 53:2–6; Docket 92 at p. 5). Mr. Reyna submitted an additional request for legal paperwork on August 16, 2010. (Docket 1 at p. 14; Docket 92 at p. 5). Given the complications Mr. Reyna experienced in acquiring his legal paperwork, it was difficult for Mr. Reyna to present his case to Judge Fuller at the August 17, 2010, modification hearing. (Docket 92 at p. 5). Although Mr. Reyna believes Judge Fuller was going to rule in his favor, Judge Fuller was removed from office shortly after Mr. Reyna's modification hearing, and Judge Jeff Davis subsequently denied Mr. Reyna's motion without holding an additional hearing. (Docket 87 at ¶¶ 34–36; Docket 92 at 5).

Mr. Reyna remained at PCJ until August 19, 2010, when he was transported back to Mike Durfee State Prison (MDSP). (Docket 87 at ¶ 11; Mr. Reyna Dep. 14:24–15:3; Docket 92 at p. 3).

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence,[3] viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to

---

[3]The evidence includes the pleadings, depositions, documents, electronically stored information, stipulations, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c).

judgment as a matter of law." Clark v. Kellogg Co., 205 F.3d 1079, 1082 (8th Cir. 2000); see also Fed. R. Civ. P. 56(a). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." Commercial Union Ins. v. Schmidt, 967 F.2d 270, 271 (8th Cir. 1992) (internal quotations and citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although "the court is required to . . . give [the nonmoving] party the benefit of all reasonable inferences to be drawn from the underlying facts," Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980), the nonmoving party may not "rest upon mere denials or allegations." Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). Instead, the nonmoving party must "set forth specific facts sufficient to raise a genuine issue for trial." Id.

Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. Quam v. Minnehaha Cnty. Jail, 821 F.2d 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Fed. R. Civ. P. 56 remains applicable to prisoners proceeding pro se. Id. The district court is not required to "plumb the record in order to find a

genuine issue of material fact." Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996). Moreover, the court is not "required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." Id. Courts must remain sensitive "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." Nickens v. White, 622 F.2d 967, 971 (8th Cir. 1980).

## DISCUSSION

On March 5, 2013, Defendants Don Holloway, Kevin Thom, Jodie McClure, Sergeant Steele, Correctional Officer Maxfield, Lieutenant Haga, Jail Commander Grier, and Sheriffs Deputy Smiths filed a motion for summary judgment. (Docket 85). Defendants assert they are entitled to summary judgment as a matter of law because they (1) did not act with deliberate indifference toward a serious medical need, and (2) did not deny Mr. Reyna access to the courts. (Docket 86 at pp. 5–9). Moreover, to the extent Mr. Reyna alleges defendants violated his constitutional rights while acting in their individual capacities, defendants assert they are entitled to qualified immunity from such claims. (Docket 86 at p. 9).

In response to defendants' motion for summary judgment, Mr. Reyna maintains defendants deliberately disregarded his serious medical need and denied him access to the courts. (Docket 92). Mr. Reyna further asserts defendants are liable in their official and individual capacities for committing these constitutional violations. (Docket 92). To that end, Mr. Reyna argues defendants are not entitled to qualified immunity because defendants were aware of the clearly established constitutional rights to which Mr. Reyna was entitled, but nonetheless violated those rights in their individual capacities by denying him appropriate medical care and access to his legal documents. (Docket 92). For the reasons set forth below, the court grants defendants' motion for summary judgment.

I. **Defendants Are Entitled to Summary Judgment on Mr. Reyna's Newly Asserted Individual-Capacity Claims.**

The court begins its analysis with a review of defendants' third argument, which states defendants are entitled to qualified immunity for constitutional violations committed while acting in their individual capacities. (Docket 86 at 9). The Eighth Circuit "has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citing Artis v. Francis Howell North Band Booster Ass'n Inc., 161 F.3d 1178, 1182 (8th Cir.

1998); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997)); see also Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989) (noting a plaintiff should explicitly state whether he or she is suing a defendant in his or her individual capacity so as to put the defendant on "prompt notice of his or her potential personal liability"). "Absent such an express statement, the suit is construed as being against the defendants in their official capacity." Outboard Marine, 172 F.3d at 535.

Mr. Reyna did not expressly and unambiguously state within his complaint he intended to sue defendants in their individual capacities. (Docket 1). In fact, Mr. Reyna did not express his apparent intention to sue defendants in their individual capacities until he submitted a brief in opposition to defendants' motion for summary judgment. (Docket 92 at p. 13). Mr. Reyna's recent allegations are insufficient for purposes of putting defendants on notice of their potential personal liability. The court finds Mr. Reyna has not sued defendants in their individual capacities. Accordingly, defendants are entitled to judgment as a matter of law with respect to Mr. Reyna's individual-capacity claims.

## II. Defendants Are Entitled to Summary Judgment on Mr. Reyna's Official-Capacity Claims.

Remaining at issue are Mr. Reyna's official-capacity claims against defendants. The Eighth Circuit held that a suit against a public official in his or her official capacity is actually a suit against the entity for which the public

9

official is an agent.  Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010).  To impose § 1983 liability on a local government body, a plaintiff must show that an official policy or widespread practice caused a deprivation of a constitutional right.  Monnell v. New York Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978).  "In general, 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents' on a respondeat superior theory of liability."  Parrish, 594 F.3d at 997 (citing Monnell, 436 U.S. at 694.  With these principles in mind, the court will analyze Mr. Reyna's deliberate indifference and access to courts claims.

### A. Defendants are entitled to summary judgment on Mr. Reyna's deliberate indifference claim.

Defendants assert Mr. Reyna failed to establish that the inaccessibility of his inhaler constituted a serious medical need.  (Docket 86).  Furthermore, defendants assert that even if the medical need was serious, they were unaware of the need and thus did not act with deliberate indifference toward Mr. Reyna's serious medical need.  (Docket 86).  In his reply, Mr. Reyna argues defendants were aware of his health condition, yet failed to provide appropriate treatment.  (Docket 92).

"To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind."  Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citations

omitted).  "In a deprivation of medical care case, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs."  Id. (citing Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995)).  "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' "[4]  Coleman, 114 F.3d at 784 (quoting Camberos, 73 F.3d at 176)).  "The determination whether a medical need is sufficiently obvious" requires an analysis of "[t]he prison officials' background knowledge."  Jones v. Minn. Dep't of Corr., 512 F.3d 478, 482 (8th Cir. 2008).  "When an inmate alleges that a delay in medical treatment constituted a constitutional deprivation, 'the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment.' "  Coleman, 114 F.3d at 784 (quoting Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)).

To establish deliberate indifference, an inmate must demonstrate a prison official knew the "inmate face[d] a substantial risk of serious harm and

---

[4] The Eighth Circuit determined the following circumstances exhibit a serious medical condition: a pregnant inmate who is bleeding and passing blood clots, see Pool v. Sebastian Cnty., Ark., 418 F.3d 934, 945 (8th Cir. 2005); an inmate who is complaining of extreme tooth pain and presenting with swollen, bleeding gums, see Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004); and a diabetic inmate who is experiencing excessive urination, diarrhea, sweating, weight loss, and dehydration, see Roberson v. Bradshaw, 198 F.3d 645, 647–48 (8th Cir. 1999). Jones v. Minn. Dep't of Corr., 512 F.3d 478, 482 (8th Cir. 2008).

disregard[ed] that risk by failing to take reasonable measures to abate it." Coleman, 114 F.3d at 785 (citing Farmer v. Brennen, 511 U.S. 825, 847 (1994)). " '[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge.' " Id. (citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)).

Although Mr. Reyna established the existence of a serious medical need,[5] defendants are still entitled to judgment on Mr. Reyna's deliberate indifference claim. As previously noted, to impose § 1983 liability on a defendant in his or her official capacity, a plaintiff must show that an official policy or widespread practice caused a deprivation of a constitutional right. Monnell, 436 U.S. at 690–91. Mr. Reyna made no such showing, but merely alleges defendant Steele improperly placed Mr. Reyna's inhaler into property upon his admission to PCJ, and defendant Jodie McClure thereafter ignored his repeated requests for an inhaler. (Docket 1 at p. 4).

---

[5]It is undisputed Mr. Reyna was diagnosed with asthma in 2002 and was prescribed an inhaler for treatment. (Docket 87 at ¶ 14; Docket 92 at p. 3). Moreover, Mr. Reyna was directed to use his inhaler if he had shortness of breath or an anxiety attack. (Docket 87 at ¶ 21; Docket 92 at p. 4). Because a "serious medical need" includes " 'one that has been diagnosed by a physician as requiring treatment,' " the court finds Mr. Reyna's asthma constitutes a serious medical need. Coleman, 114 F.3d at 784 (quoting Camberos, 73 F.3d at 176)).

Not only does Mr. Reyna fail to allege that an official policy or widespread practice caused a deprivation of his Eighth Amendment right, but the paperwork he submitted with his complaint demonstrates the opposite. For example, one day after Mr. Reyna requested an inhaler, medical staff reviewed the request and noted that the inhaler would be brought up. (Docket 12 at p. 12).  Mr. Reyna renewed his request on August 16, 2010, one day after medical staff responded to his first request, this time communicating his frustration with Defendant Steele for having placed his inhaler into property rather than giving it to the appropriate medical personnel when he was first admitted to PCJ three days earlier. (Docket 1 at p. 15).  On August 17, 2010, Defendant McClure responded as follows:

> Standard procedure is to place personal items in your property and if urgent need is determined then med would provide you with med. Inhaler brought in was determined as empty.  1 day after you were admitted here an inhaler was put on pod for you to use at your request.  Nurse Peterson informed you of that today and you now have inhaler.

(Docket 1 at p. 15).

It appears from the evidence defendants followed standard protocol in handling Mr. Reyna's medications, and the protocol did not deprive Mr. Reyna of his constitutional rights.  Had Mr. Reyna demonstrated an urgent need for his inhaler, the device was easily accessible and available upon request.  Mr. Reyna has not provided evidence of an instance where an urgent need for his

13

inhaler arose and was subsequently ignored.[6] To the contrary, Mr. Reyna conceded he was able to effectively address his breathing problems using a Native American steam remedy and materials made available to him, such as a towel and a sink with hot, running water. Furthemore, the request forms attached to Mr. Reyna's complaint do not indicate Mr. Reyna needed his inhaler to address a particular need. (Docket 1 at pp. 13–17). Mr. Reyna failed to establish an official policy or widespread practice caused a deprivation of his Eighth Amendment right. Accordingly, defendants are entitled to judgment as a matter of law with regard to Mr. Reyna's deliberate indifference claim.

## B. Defendants are entitled to summary judgment on Mr. Reyna's access to courts claim.

Defendants assert Mr. Reyna similarly failed to establish defendants deprived him of his constitutional right of access to the courts. (Docket 86). Nonetheless, Mr. Reyna maintains defendant Steele read his legal paperwork and withheld the paperwork from Mr. Reyna for three days, thus delaying "his

---

[6]Because Mr. Reyna did not demonstrate defendants were made aware of an urgent need for an inhaler, defendants were at most negligent in addressing his apparent medical needs, and a showing of negligence does not suffice to establish official-capacity liability. See Grayson v. Ross, 454 F.3d 802, 811 (8th Cir. 2006) (citing White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994)) ("[O]fficial-capacity liability must be based on deliberate indifference or tacit authorization."); see also Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) ("The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.").

presentation to the Judge in Court." (Docket 92 at p. 11). Furthermore, Mr. Reyna contends defendants' actions were not reasonably related to a legitimate penological interest.[7] (Docket 92 at p. 12).

It is well established "that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). To prevail on an access to courts claim, a prisoner must establish that he has sustained "an actual injury." Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001) (citing Klinger v. Dep't of Corr., 107 F.3d 609, 617 (8th Cir. 1997)). To demonstrate "actual injury," the prisoner must show " 'that a nonfrivolous legal claim had been frustrated or was being impeded.' " Id. (quoting Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998)).

Here, the undisputed facts demonstrate defendant Steele shuffled through and read Mr. Reyna's legal, medical, and mental health records for approximately three to four minutes during Mr. Reyna's intake at PCJ.[8] (Docket 887 at ¶ 28; Docket 92 at p. 4; Docket 95 at ¶ 28). Thereafter, on

---

[7]To the extent Mr. Reyna objects to defendants' argument on the basis that the taking of his records constituted a violation of Mr. Reyna's Fifth and Fourteenth Amendment rights, the court declines to consider that argument because those alleged constitutional violations were neither pled in Mr. Reyna's complaint nor articulated during his deposition. The claims are not properly before this court.

[8]Mr. Reyna conceded defendant Steele did not take the records or use the information contained in the records against Mr. Reyna—"[h]e just read through it." (Mr. Reyna Dep. 31:25–32:5; Docket 92 at p. 4).

August 14, 2010, August 15, 2010, and August 16, 2010, Mr. Reyna completed inmate request forms, each time requesting access to his records. (Docket 1 at pp. 11, 13–14; Docket 87 at ¶¶ 30–31; Docket 92 at p. 5). Mr. Reyna received his records on the evening of August 16, 2010, one day before the sentence-modification hearing at which he planned to present argument based on information from those records. (Mr. Reyna Dep. 28:5–21).

Although Mr. Reyna alleges that the limited access he was given to his records "affected the process" and damaged him punitively, nominally and emotionally,[9] Mr. Reyna has not demonstrated a nonfrivolous legal claim was frustrated or impeded. (Mr. Reyna Dep. 29:15–22). To the contrary, Mr. Reyna conceded that Judge Fuller, who presided over the sentence-modification hearing on August 19, 2010, was removed from his position prior to filing the necessary order. (Mr. Reyna Dep. 21:10–22:9). Mr. Reyna believes his legal claim failed due to the suspension of Judge Fuller, which resulted in a new judicial appointment and a subsequent denial of Mr. Reyna's motion. (Mr. Reyna Dep. 22:12–17). Mr. Reyna has not provided an explanation as to why he believes the new judge—Judge Davis—denied his motion.

---

[9]During his deposition, Mr. Reyna elaborated on this point, noting that he was upset, disappointed and angry. (Mr. Reyna Dep. 28:22).

16

The court finds Mr. Reyna's bare assertions are insufficient to create a genuine issue of material fact regarding the injury caused by Mr. Reyna's limited access to his legal and medical records.  See Cody v. Weber, 256 F.3d 764, 769 (8th Cir. 2001) ("[A] prisoner's mere allegation of injury may not be legally sufficient to forestall summary judgment.").  Defendants are entitled to judgment as a matter of law on Mr. Reyna's access to courts claim.

## COSTS

Defendants' motion requests an award of costs.  (Docket 86 at p. 10).  "[Fed. R. Civ. P.] 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).  See also Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006) ("Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party.") (internal citation omitted).  "In determining costs, the Court may consider a plaintiff's limited financial resources . . . and the Court may deny costs if 'a plaintiff is poor or for other good reason . . . .' "  Cottier v. City of Martin, CIV 02-5021, 2012 WL 397487 at * 2 (D.S.D. Feb. 7, 2012) (referencing Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983) and citing Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1982)).

Mr. Reyna is incarcerated at the State Penitentiary. The court granted Mr. Reyna's motion to proceed *in forma pauperis*. (Docket 12). The court finds Mr. Reyna has limited financial resources making it inappropriate to tax costs against him.

## CONCLUSION

Mr. Reyna has not established a genuine issue of material fact with regard to his claim defendants, in their official capacities, acted with deliberate indifference toward a serious medical need. Further, Mr. Reyna has not established a genuine issue of material fact with regard to his claim defendants deprived him access to the courts. Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment (Docket 85) is granted.

IT IS FURTHER ORDERED that Mr. Reyna's motion to strike defendants' motion for summary judgment (Docket 91) is denied.

Dated March 18, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE